UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSTAINABLE INCOME, LLC,

    Plaintiff,

v.                                      Case No. 21-11388
                                         Honorable Victoria A. Roberts

MICHIGAN BOTTLING &
CUSTOM PACK COMPANY,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR SUMMARY JUDGMENT [ECF No. 16]

This action concerns a bottling manufacturing line ("bottling equipment") in Defendant's possession.  The parties dispute who has superior title to the bottling equipment.  Plaintiff alleges three claims: (1) claim and delivery; (2) statutory conversion; and (3) common law conversion.

In September 2021, the Court entered a scheduling order with a June 10, 2022 discovery deadline and a June 28, 2022 settlement conference.

Although the order stated that the parties may not file dispositive motions before the settlement conference without the Court's permission, Plaintiff moves for summary judgment.  [ECF No. 16].  The motion is fully briefed.

The Court **DENIES** Plaintiff's motion.

The motion is premature; at the time Plaintiff filed it, the parties had not engaged in any discovery. The motion also violates the Court's scheduling order.

Most importantly, however, is that genuine issues of material fact exist regarding who has superior title to the bottling equipment. *See Hunt v. Cromartie*, 526 U.S. 541, 553 (1999) ("Summary judgment in favor of the party with the burden of persuasion . . . is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."); *K.V.G. Properties, Inc. v. Westfield Ins. Co.*, 900 F.3d 818, 822 (6th Cir. 2018) ("[F]ederal courts may grant summary judgment to the party with the burden of proof if any reasonable jury would return a verdict in that party's favor."); *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) ("*[W]here the moving party has the burden*—the plaintiff on a claim for relief or the defendant on an affirmative defense—*his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.*" (citation omitted)).

Among others, the issues of fact include: (1) whether unsatisfied conditions existed which prevented the sale of the bottling equipment from Plaintiff to non-party Increase Beverage International, Inc. ("IBI") to become

final; and (2) if the sale of the bottling equipment was executed, whether (and when) Plaintiff and IBI rescinded the sale, such that Plaintiff would have no claim to the equipment.

    **IT IS ORDERED**.

                                              s/ Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated:  March 2, 2022